# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Michael L. SMITH, Attorney at Law.

Supreme Court

*No. 85–1632–D. Filed April 30, 1986.*

(Also reported in 386 N.W.2d 51.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Michael L. Smith to practice law in Wisconsin be suspended for three months as discipline for unprofessional conduct. That conduct consisted of his having practiced law while his license was suspended for nonpayment of bar association dues, for having misrepresented the status of his license to practice law to a circuit court in which he appeared, and for having failed to respond to inquiries from the Board of Attorneys Professional Responsibility (Board) concerning these

matters. We determine that a three-month suspension of Attorney Smith's license to practice law is appropriate discipline for his unprofessional conduct.

Attorney Smith was admitted to practice law in Wisconsin in 1976 and practiced in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Catherine Doyle.

Following a hearing, the referee found that, as of November 19, 1980, Attorney Smith was suspended from membership in the State Bar of Wisconsin (State Bar) for failure to pay association dues. In June, 1979, he left the state and changed his membership status in the State Bar from active to inactive, but he subsequently failed to pay the dues required of an inactive member. When he returned to Wisconsin in the summer of 1983, he contacted the State Bar concerning reactivation of his membership, but he did not pursue the matter and was not put on active status.

In the fall of 1983, Attorney Smith resumed the practice of law. In the course of his appearance before a court commissioner on behalf of a client, Attorney Smith was informed by an assistant district attorney that he was not permitted to practice law for the reason that he had been suspended from membership in the State Bar for nonpayment of dues[1] and that, because more than three years had elapsed since the suspension, it would be necessary for him to petition the Supreme Court for reinstatement, pursuant to SCR 10.03(6) and State Bar Bylaw art. I, sec. 3(b). The assistant district attorney also informed Attorney Smith

---

[1] SCR 10.03(6) provides, in part, ". . . no person whose membership is so suspended for non-payment of dues may practice law during the period of the suspension."

that any further practice of law on his part would be in violation of state law and that criminal charges would be filed against him.

In January, 1984, Attorney Smith contacted a staff member of the State Bar concerning reinstatement to membership in the association, and he was informed that he could be reinstated without petitioning the supreme court by paying the unpaid dues and the applicable penalty. Attorney Smith made the necessary payment, but he was informed shortly thereafter by the State Bar that the information he had received from State Bar staff concerning his reinstatement was erroneous and that he would have to apply to the supreme court for reinstatement. Attorney Smith then spoke with the staff of the Board of Attorneys Professional Competence, expressing his desire to file a petition with the supreme court for reinstatement. However, Attorney Smith never filed such a petition.

Subsequently, Attorney Smith represented at least three criminal defendants in circuit court for Milwaukee county. In one of those cases, the court ultimately granted a motion to vacate the judgment of conviction on the ground that the defendant had not been represented by a duly licensed attorney. In another of those cases, Attorney Smith was cited for contempt by the judge for his persistence in attempting to argue at sentencing. At the hearing before the court in the contempt proceeding on February 5, 1985, the prosecutor informed the court that Attorney Smith was not a member in good standing with the State Bar. Attorney Smith told the court that he was in good standing, that he had received a copy of a letter from the State Bar informing him of his reinstatement, and that he had received no subsequent notice or indication from the

State Bar that he was not a member in good standing or was ineligible to practice law. Attorney Smith has not engaged in the practice of law in Wisconsin since February 4, 1985.

The referee also found that, during the course of the Board's investigation concerning these matters, Attorney Smith repeatedly failed to respond to requests for information.

The referee concluded that Attorney Smith represented clients while he knew he was not eligible to practice law in Wisconsin, in violation of SCR 20.18(2) and 22.26(2). The referee also concluded that Attorney Smith's statements to the circuit judge at the contempt hearing that he was in good standing with the State Bar, that he had been reinstated and that he had received no subsequent notice to the contrary were serious misrepresentations of what he knew to be the truth, in violation of SCR 20.04(4). Further, the referee concluded that Attorney Smith's failure to respond to Board inquiries in its investigation was in violation of SCR 22.07(2).

In addition to recommending that Attorney Smith's license to practice law be suspended for three months for his unprofessional conduct, the referee recommended that, prior to his reinstatement at the end of the suspension period, Attorney Smith be required to fully comply with all requirements for reinstatement to membership in the State Bar, including making application to the supreme court, paying all unpaid dues and fees, and complying with applicable continuing legal education requirements. The referee also recommended that Attorney Smith be required to pay the costs of this proceeding.

We accept the referee's findings of fact and conclusions of law, and we agree with the referee's recommendations.

IT IS ORDERED that the license of Michael L. Smith to practice law in Wisconsin is suspended for a period of three months, effective the date of this order.

IT IS FURTHER ORDERED that, in order to be reinstated to membership in the State Bar, Michael L. Smith shall comply with SCR 10.03(6) and State Bar Bylaw art. I, sec. 3(b) and with applicable continuing legal education requirements.

IT IS FURTHER ORDERED that within 90 days of the date of this order Michael L. Smith pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Michael L. Smith to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Michael L. Smith comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.